EXHIBIT B



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Publix Super Markets, Inc.
Merriann Metz General Counsel & Secretary
Publix Super Markets Inc.
3300 Publix Corporate Parkway
Lakeland FL 33811

08/18/2022

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2022-6412

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| # | Field | Value |
|---|---|---|
| 1. | Entity Served: | Publix Super Markets, Inc. |
| 2. | Title of Action: | Keysha Gordon vs. Publix Supermarkets, Inc Store 1354 (Hardeeville); et. al. |
| 3. | Document(s) Served: | Summons / Complaint |
| 4. | Court/Agency: | Jasper County Fourteenth Judicial Circuit Common Pleas Court |
| 5. | State Served: | South Carolina |
| 6. | Case Number: | 2022CP2700365 |
| 7. | Case Type: | Negligence/Personal Injury |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Thursday 08/18/2022 |
| 10. | Date to Client: | Thursday 08/18/2022 |
| 11. | # Days When Answer Due: Answer Due Date: | 30 / Saturday 09/17/2022 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender: (Name, City, State, and Phone Number) | Vaux Marscher Berglind, P.A. Bluffton, SC 843-757-2888 |
| 13. | Shipped To Client By: | Regular Mail and Email with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 411 |
| 16. | Notes: | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

ELECTRONICALLY FILED - 2022 Aug 04 9:59 AM - JASPER - COMMON PLEAS - CASE#2022CP2700365

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF JASPER ) | CIVIL ACTION NO.: |
| ) | |
| KEYSHA GORDON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMONS |
| ) | |
| PUBLIX SUPERMARKETS, INC ) | |
| STORE 1354 (Hardeeville) and ) | |
| JOHN DOE, ) | |
| Defendants. ) | |

**TO THE DEFENDANT ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED AND REQUIRED** to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the said complaint on the subscriber at, P.O. Box 769, 1251 May River Road, Bluffton, South Carolina 29910 within thirty (30) days after service thereof, exclusive of the day of such service, and if you fail to appear and defend against the said action then judgment by default will be rendered against you for the relief demanded in the Complaint.

VAUX MARSCHER BERGLIND, P.A.

S/ ROBERTS "TABOR" VAUX, JR.
Roberts "Tabor" Vaux, Jr. - SC Bar # 77421
Attorney For Plaintiff
P.O. Box 769
Bluffton, SC 29910
843-757-2888

August 4, 2022
Bluffton, South Carolina

1

STATE OF SOUTH CAROLINA       )     IN THE COURT OF COMMON PLEAS
                              )     FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF JASPER              )     CIVIL ACTION NO.:
                              )
KEYSHA GORDON,                )
        Plaintiff,            )
                              )
v.                            )
                              )     **COMPLAINT**
                              )     (Jury Trial Demanded)
PUBLIX SUPERMARKETS, INC      )
STORE 1354 (Hardeeville) and  )
JOHN DOE,                     )
        Defendants.           )
_____)

Plaintiff, Keysha Gordon, complaining of the Defendants herein, would respectfully allege and show the following:

1. Plaintiff is a resident and citizen of the State of South Carolina.

2. Defendant Publix Super Markets, Inc. (herein after "Publix") is a Florida Corporation, existing, and authorized to do business in Jasper County, Hardeeville, South Carolina as Publix Store 1354.

3. Upon information and belief, "John Doe" is an unknown manager of Publix and is a resident of the State of South Carolina.

4. Upon information and belief, Defendant Corporation was, at all relevant times, doing business and providing services by and through its volunteers, agents, contractors and employees, who were at all relevant times acting within the scope and course of their agency, service, and/or employment with Defendant Corporation and within the scope of their official duties; therefore Defendant Corporation is liable for the acts and omissions of its volunteers, agents, contractors, and employees under the theory of *respondeat superior*.

5. Defendant Manager, at all times relevant herein, was a volunteer, agent, contractor or employee of Defendant Corporation and was acting within the scope of his service, agency or employment as volunteer, agent, contractor, or employee of Defendant Corporation; Defendant Corporation is liable for the acts of omissions of Defendant Manager and its other volunteers, agents, contractors, or employees.

ELECTRONICALLY FILED - 2022 Aug 04 9:59 AM - JASPER - COMMON PLEAS - CASE#2022CP2700365

6. Defendants herein generate substantial revenue and profits from the activities within the State of South Carolina, including particularly Jasper County.

7. The events complained of occurred within Jasper County, South Carolina, on or about August 6, 2019.

8. This Court has jurisdiction over the subject matter and the parties herein, and venue is appropriate in the Jasper County Court of Common Pleas.

9. Each and every allegation stated herein above and below shall be incorporated as to all causes of action raised against these Defendants.

## FOR A FIRST CAUSE OF ACTION
### (Negligence as to All Defendants)

10. On or about August 6, 2019, Plaintiff entered the Publix located at 112 Nickle plate Road, Hardeeville, South Carolina. Unbeknownst to Plaintiff, a pool of water was on the floor in or near Aisle 16.

11. The pool of water caused Plaintiff to slip and fall. As a result of the fall, Plaintiff suffered severe injuries including a concussion, inner ear concussion, sensorineural hearing loss, severe photophobia, cervical strain, shoulder strain, lumbar strain, knee strain, and other injuries.

12. Plaintiff is unformed and believes that Defendants had a duty to keep their Publix store in a reasonably safe condition. Defendants knew, or should have known, that customers would encounter the water on the floor and potentially get injured if the dangerous defect was not marked and/or removed.

13. The injuries and damages incurred by the Plaintiff were directly and proximately caused by the negligent, reckless, willful, wanton, careless and grossly negligent acts of the Defendants in one or more of, but not limited to, the following particulars:
    a. In creating a dangerous and/or defective condition on its premises;
    b. In failing to properly safeguard against dangerous and/or defective conditions;
    c. In failing to properly maintain the subject premises;

2

d. In failing to adequately discover and correct any dangerous conditions which existed;

e. In failing to adequately warn Plaintiff about the water on the floor;

f. In failing to post proper and adequate warning signs and/or devices to warn Plaintiff of the dangerous conditions;

g. In failing to conform the floor to the applicable safety codes; and

h. In such other and further particulars as the evidence at trial might show.

14. All and any one of the particulars enumerated herein above were the direct and proximate cause of the injuries and damages to Plaintiff.

15. By reason of the negligence, carelessness, recklessness, willfulness, wantonness and heedlessness of Defendants and as a direct and proximate result thereof, Plaintiff suffered severe physical injuries and other damages in the following particulars, to wit:

a. Severe spine trauma;

b. Neurological injuries;

c. Physical injuries to her upper and lower extremities;

d. Permanent physical impairment;

e. Loss of enjoyment of life;

f. Medical expenses including past, present and future;

g. Pain and suffering; and

h. Severe emotional distress.

16. Plaintiff is informed and believes that she is entitled to a judgement against Defendants for actual damages, consequential and incidental damages, a reasonable sum of punitive damages, the costs of prosecution of this action, prejudgment interest, and such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiff prays that the Court inquiries into the matters herein and grant his judgement in a reasonable sum of actual damages, punitive damages, costs and such other and further relief as the Court may deem just and proper.

ELECTRONICALLY FILED - 2022 Aug 04 9:59 AM - JASPER - COMMON PLEAS - CASE#2022CP2700365

## FOR A SECOND CAUSE OF ACTION
### (Premises Liability)

17. Each and every allegation set forth above is fully incorporated herein.

18. The Defendant had actual knowledge of or should have known of the unreasonable risk presented by the pool of water on the floor and failed to eliminate it or warn of the unreasonable risk.

19. The Plaintiff was an invitee to the Defendant's premises and the Defendant breached its duty of due care to discover risks and take safety precautions to warn of or eliminate unreasonable risks.

20. That it was reasonably foreseeable the Plaintiff and other invitees would encounter the pool of water on the floor and that it would cause injury to them.

21. As a direct and proximate result of the Defendant's conduct, the Plaintiff suffered extreme pain and incurred costs and expenses for medical care.

22. That the Plaintiff suffered great physical harm and injury, all of which caused her to sustain much suffering and caused her to spend money for medical services, and she is informed and believes that she will suffer future pain and suffering and permanent injuries.

WHEREFORE, Plaintiff prays that the Court inquiries into the matters herein and grant his judgement in a reasonable sum of actual damages, punitive damages, costs and such other and further relief as the Court may deem just and proper.

VAUX MARSCHER BERGLIND, P.A.

S/ ROBERTS "TABOR" VAUX, JR.
Attorney for the Plaintiff
SC Bar No. 77421
Post Office Box 769
Bluffton, South Carolina 29910
Telephone 843-757-2888
Facsimile 843-757-2889

August 4, 2022
Bluffton, South Carolina

4

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF JASPER ) | CIVIL ACTION NO.: |
| ) | |
| KEYSHA GORDON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMONS |
| ) | |
| PUBLIX SUPERMARKETS, INC ) | |
| STORE 1354 (Hardeeville) and ) | |
| JOHN DOE, ) | |
| Defendants. ) | |

**TO THE DEFENDANT ABOVE NAMED:**

    **YOU ARE HEREBY SUMMONED AND REQUIRED** to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the said complaint on the subscriber at, P.O. Box 769, 1251 May River Road, Bluffton, South Carolina 29910 within thirty (30) days after service thereof, exclusive of the day of such service, and if you fail to appear and defend against the said action then judgment by default will be rendered against you for the relief demanded in the Complaint.

                                      **VAUX MARSCHER BERGLIND, P.A.**

                                      *S/ ROBERTS "TABOR" VAUX, JR.*
                                      Roberts "Tabor" Vaux, Jr. - SC Bar # 77421
                                      Attorney For Plaintiff
                                      P.O. Box 769
                                      Bluffton, SC 29910
                                      843-757-2888

August 4, 2022
Bluffton, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF JASPER )<br>)<br>KEYSHA GORDON, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>PUBLIX SUPERMARKETS, INC )<br>STORE 1354 (Hardeeville) and )<br>JOHN DOE, )<br>      Defendants. )<br>) | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT<br>CIVIL ACTION NO.:<br><br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff, Keysha Gordon, complaining of the Defendants herein, would respectfully allege and show the following:

1. Plaintiff is a resident and citizen of the State of South Carolina.

2. Defendant Publix Super Markets, Inc. (herein after "Publix") is a Florida Corporation, existing, and authorized to do business in Jasper County, Hardeeville, South Carolina as Publix Store 1354.

3. Upon information and belief, "John Doe" is an unknown manager of Publix and is a resident of the State of South Carolina.

4. Upon information and belief, Defendant Corporation was, at all relevant times, doing business and providing services by and through its volunteers, agents, contractors and employees, who were at all relevant times acting within the scope and course of their agency, service, and/or employment with Defendant Corporation and within the scope of their official duties; therefore Defendant Corporation is liable for the acts and omissions of its volunteers, agents, contractors, and employees under the theory of *respondeat superior*.

5. Defendant Manager, at all times relevant herein, was a volunteer, agent, contractor or employee of Defendant Corporation and was acting within the scope of his service, agency or employment as volunteer, agent, contractor, or employee of Defendant Corporation; Defendant Corporation is liable for the acts of omissions of Defendant Manager and its other volunteers, agents, contractors, or employees.

1

6. Defendants herein generate substantial revenue and profits from the activities within the State of South Carolina, including particularly Jasper County.

7. The events complained of occurred within Jasper County, South Carolina, on or about August 6, 2019.

8. This Court has jurisdiction over the subject matter and the parties herein, and venue is appropriate in the Jasper County Court of Common Pleas.

9. Each and every allegation stated herein above and below shall be incorporated as to all causes of action raised against these Defendants.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence as to All Defendants)**

10. On or about August 6, 2019, Plaintiff entered the Publix located at 112 Nickle plate Road, Hardeeville, South Carolina. Unbeknownst to Plaintiff, a pool of water was on the floor in or near Aisle 16.

11. The pool of water caused Plaintiff to slip and fall. As a result of the fall, Plaintiff suffered severe injuries including a concussion, inner ear concussion, sensorineural hearing loss, severe photophobia, cervical strain, shoulder strain, lumbar strain, knee strain, and other injuries.

12. Plaintiff is unformed and believes that Defendants had a duty to keep their Publix store in a reasonably safe condition. Defendants knew, or should have known, that customers would encounter the water on the floor and potentially get injured if the dangerous defect was not marked and/or removed.

13. The injuries and damages incurred by the Plaintiff were directly and proximately caused by the negligent, reckless, willful, wanton, careless and grossly negligent acts of the Defendants in one or more of, but not limited to, the following particulars:
    a. In creating a dangerous and/or defective condition on its premises;
    b. In failing to properly safeguard against dangerous and/or defective conditions;
    c. In failing to properly maintain the subject premises;

    d. In failing to adequately discover and correct any dangerous conditions which existed;

    e. In failing to adequately warn Plaintiff about the water on the floor;

    f. In failing to post proper and adequate warning signs and/or devices to warn Plaintiff of the dangerous conditions;

    g. In failing to conform the floor to the applicable safety codes; and

    h. In such other and further particulars as the evidence at trial might show.

14. All and any one of the particulars enumerated herein above were the direct and proximate cause of the injuries and damages to Plaintiff.

15. By reason of the negligence, carelessness, recklessness, willfulness, wantonness and heedlessness of Defendants and as a direct and proximate result thereof, Plaintiff suffered severe physical injures and other damages in the following particulars, to wit:
    a. Severe spine trauma;
    b. Neurological injuries;
    c. Physical injuries to her upper and lower extremities;
    d. Permanent physical impairment;
    e. Loss of enjoyment of life;
    f. Medical expenses including past, present and future;
    g. Pain and suffering; and
    h. Severe emotional distress.

16. Plaintiff is informed and believes that she is entitled to a judgement against Defendants for actual damages, consequential and incidental damages, a reasonable sum of punitive damages, the costs of prosecution of this action, prejudgment interest, and such other and further relief as the Court may deem just and proper.

    **WHEREFORE**, Plaintiff prays that the Court inquiries into the matters herein and grant his judgement in a reasonable sum of actual damages, punitive damages, costs and such other and further relief as the Court may deem just and proper.

3

## FOR A SECOND CAUSE OF ACTION
### (Premises Liability)

17. Each and every allegation set forth above is fully incorporated herein.

18. The Defendant had actual knowledge of or should have known of the unreasonable risk presented by the pool of water on the floor and failed to eliminate it or warn of the unreasonable risk.

19. The Plaintiff was an invitee to the Defendant's premises and the Defendant breached its duty of due care to discover risks and take safety precautions to warn of or eliminate unreasonable risks.

20. That it was reasonably foreseeable the Plaintiff and other invitees would encounter the pool of water on the floor and that it would cause injury to them.

21. As a direct and proximate result of the Defendant's conduct, the Plaintiff suffered extreme pain and incurred costs and expenses for medical care.

22. That the Plaintiff suffered great physical harm and injury, all of which caused her to sustain much suffering and caused her to spend money for medical services, and she is informed and believes that she will suffer future pain and suffering and permanent injuries.

**WHEREFORE**, Plaintiff prays that the Court inquiries into the matters herein and grant his judgement in a reasonable sum of actual damages, punitive damages, costs and such other and further relief as the Court may deem just and proper.

**VAUX MARSCHER BERGLIND, P.A.**

*S/ ROBERTS "TABOR" VAUX, JR.*
Attorney for the Plaintiff
SC Bar No. 77421
Post Office Box 769
Bluffton, South Carolina 29910
Telephone 843-757-2888
Facsimile 843-757-2889

August 4, 2022
Bluffton, South Carolina

4

August 18, 2022