IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Keysha Gordon, ) | |
| ) | C.A. No.: 9:22-cv-3132-DCN |
| Plaintiff, ) | |
| ) | |
| v. ) | **AMENDED COMPLAINT** |
| ) | |
| Publix Super Markets, Inc., Store 1354 and ) | |
| John Doe, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Keysha Gordon, complaining of the Defendants herein, would respectfully allege and show the following:

1. Plaintiff is a resident and citizen of the State of South Carolina.

2. Defendant Publix Super Markets, Inc., Store No. 1354 (herein after "Publix") is a Florida Corporation, existing, and authorized to do business in Jasper County, Hardeeville, South Carolina as Publix Store 1354.

3. Upon information and belief, "John Doe" is an unknown manager of Publix and is a resident of the State of South Carolina.

4. Upon information and belief, Defendant Corporation was, at all relevant times, doing business and providing services by and through its volunteers, agents, contractors and employees, who were at all relevant times acting within the scope and course of their agency, service, and/or employment with Defendant Corporation and within the scope of their official duties; therefore Defendant Corporation is liable for the acts and omissions of its volunteers, agents, contractors, and employees under the theory of *respondeat superior*.

5. Defendant Manager, at all times relevant herein, was a volunteer, agent, contractor or employee of Defendant Corporation and was acting within the scope of his service, agency or employment as volunteer, agent, contractor, or employee of Defendant

1

Corporation; Defendant Corporation is liable for the acts of omissions of Defendant Manager and its other volunteers, agents, contractors, or employees.

6. Defendants herein generate substantial revenue and profits from the activities within the State of South Carolina, including particularly Jasper County.

7. The events complained of occurred within Jasper County, South Carolina, on or about August 6, 2019.

8. This Court has jurisdiction over the subject matter and the parties herein, and venue is appropriate in the Jasper County Court of Common Pleas.

9. Each and every allegation stated herein above and below shall be incorporated as to all causes of action raised against these Defendants.

## FOR A FIRST CAUSE OF ACTION
### (Negligence as to All Defendants)

10. On or about August 6, 2019, Plaintiff entered the Publix located at 112 Nickle plate Road, Hardeeville, South Carolina. Unbeknownst to Plaintiff, a pool of water was on the floor in or near Aisle 16.

11. The pool of water caused Plaintiff to slip and fall. As a result of the fall, Plaintiff suffered severe injuries including a concussion, inner ear concussion, sensorineural hearing loss, severe photophobia, cervical strain, shoulder strain, lumbar strain, knee strain, and other injuries.

12. Plaintiff is unformed and believes that Defendants had a duty to keep their Publix store in a reasonably safe condition. Defendants knew, or should have known, that customers would encounter the water on the floor and potentially get injured if the dangerous defect was not marked and/or removed.

13. The injuries and damages incurred by the Plaintiff were directly and proximately caused by the negligent, reckless, willful, wanton, careless and grossly negligent acts of the Defendants in one or more of, but not limited to, the following particulars:
    a. In creating a dangerous and/or defective condition on its premises;
    b. In failing to properly safeguard against dangerous and/or defective conditions;

    c. In failing to properly maintain the subject premises;

    d. In failing to adequately discover and correct any dangerous conditions which existed;

    e. In failing to adequately warn Plaintiff about the water on the floor;

    f. In failing to post proper and adequate warning signs and/or devices to warn Plaintiff of the dangerous conditions;

    g. In failing to conform the floor to the applicable safety codes; and

    h. In such other and further particulars as the evidence at trial might show.

14. All and any one of the particulars enumerated herein above were the direct and proximate cause of the injuries and damages to Plaintiff.

15. By reason of the negligence, carelessness, recklessness, willfulness, wantonness and heedlessness of Defendants and as a direct and proximate result thereof, Plaintiff suffered severe physical injures and other damages in the following particulars, to wit:

    a. Severe spine trauma;
    b. Neurological injuries;
    c. Physical injuries to her upper and lower extremities;
    d. Permanent physical impairment;
    e. Loss of enjoyment of life;
    f. Medical expenses including past, present and future;
    g. Pain and suffering; and
    h. Severe emotional distress.

16. Plaintiff is informed and believes that she is entitled to a judgement against Defendants for actual damages, consequential and incidental damages, a reasonable sum of punitive damages, the costs of prosecution of this action, prejudgment interest, and such other and further relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiff prays that the Court inquiries into the matters herein and grant his judgement in a reasonable sum of actual damages, punitive damages, costs and such other and further relief as the Court may deem just and proper.

### FOR A SECOND CAUSE OF ACTION
**(Premises Liability)**

17. Each and every allegation set forth above is fully incorporated herein.

18. The Defendant had actual knowledge of or should have known of the unreasonable risk presented by the pool of water on the floor and failed to eliminate it or warn of the unreasonable risk.

19. The Plaintiff was an invitee to the Defendant's premises and the Defendant breached its duty of due care to discover risks and take safety precautions to warn of or eliminate unreasonable risks.

20. That it was reasonably foreseeable the Plaintiff and other invitees would encounter the pool of water on the floor and that it would cause injury to them.

21. As a direct and proximate result of the Defendant's conduct, the Plaintiff suffered extreme pain and incurred costs and expenses for medical care.

22. That the Plaintiff suffered great physical harm and injury, all of which caused her to sustain much suffering and caused her to spend money for medical services, and she is informed and believes that she will suffer future pain and suffering and permanent injuries.

**WHEREFORE**, Plaintiff prays that the Court inquiries into the matters herein and grant his judgement in a reasonable sum of actual damages, punitive damages, costs and such other and further relief as the Court may deem just and proper.

**VAUX MARSCHER BERGLIND, P.A.**

*S/MARK S. BERGLIND*
Roberts Vaux, Jr., SC Bar No. 77421
Mark S. Berglind, SC Bar No. 74839 – Fed. No. 9859
Post Office Box 769
Bluffton, South Carolina 29910
Telephone 843-757-2888
Facsimile 843-757-2889

**ATTORNEYS FOR PLAINTIFF**

October 12, 2022
Bluffton, South Carolina